JOHN G. BEEKMAN, SURVIVING ASSIGNEE OF THE ALPENA LUMBER COMPANY v. GEORGE N. FLETCHER.

*Bill in aid—Interference with rights in suit.*

It is not the practice to file a bill in equity in aid of another bill in the same court.

A bill in equity will not lie to obtain merely an injunction and receiver pending another suit covering all rights in the disputed property; interference with such rights can be restrained by some proceeding in the suit pending.

Appeal from Alpena.    Submitted April 5.    Decided April 19.

BILL for injunction, etc. Both parties appeal. Reversed: bill dismissed.

*J. D. Holmes* and *W. S. Tennant* for complainant.

*Kelley & Clayberg, Benton Hanchett,* and *Turnbull & McDonald* for defendant.

CAMPBELL, J. This bill was filed to prevent defendant Fletcher from interfering with or taking legal or other measures to get possession of certain logs which came into complainant's possession by the misconduct of one Keating, who, having agreed to furnish a quantity of logs, cut a large amount from lands belonging—some to Fletcher, some to him in common with other parties including complainants, and some to other defendants in whole or in part. No legal proceeding had been commenced when the bill was filed. Beekman originally joined with Jesse P. Bishop, who is now deceased, as complainant, and they sued as assignees of the Alpena Lumber Company. The only ground of the bill seems to be the pendency of another suit originally brought by the Lumber Company, in which it is claimed by this bill the controversy includes any rights which may exist in this lumber. This fact is admitted in the answer, and the bill is claimed to be bad for want of equity and for the reason that the other suit must be determined in order to settle this controversy. No final relief is asked in the present bill, and nothing more than an injunction and receiver to abide the result.

A receiver was appointed on the nomination and consent of both parties, and they also consented to a sale of the property. The court thereafter made a decree directing the receiver to pay most of the money to Fletcher—a portion absolutely, and a portion subject to the decree in the other case.

We cannot discover any equitable ground on which this bill can be sustained. So far as we can discover it is not in

accordance with any known practice to file one bill in equity in aid of another bill in the same court. If this property is really subject to the litigation in the other suit, the court could have no difficulty in restraining the parties to that suit from any improper intermeddling, on an application made for the purpose. Whether such application would require a motion or petition, or whether supplemental procedure would be necessary, we need not inquire, as in some way or other relief must be had in connection with those proceedings. If the matter cannot be so disposed of the case is no better, for this bill contains no showing whatever for independent relief on the merits.

The bill should have been dismissed. The appointment of a receiver, if made by the court itself, might require some inquiry into the proper destination of the funds, but this would have had to be distinct. In this case, however, the receiver got his appointment and all his powers from the consent of the parties and became their bailee; and there will be no difficulty in reaching a disposition of the funds when the parties have settled their rights, which could not be done in this suit.

The decree must be reversed, and the bill dismissed with costs of both courts.

The other Justices concurred.