## SCAIFE V. BYRD ET AL.

DELIVERY OF DEED: *Evidence of.*
>An obligee's possession of an obligation is only *prima facie* evidence of its delivery by the obligor, which may be rebutted by parol testimony.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Tappan & Horner*, for appellant:

Contend that there was an absolute delivery of the deeds, and the trade completed.

Where a deed is absolute on its face, no parol condition, reservation or defeasance can be proved to defeat the grant. *21 Ark., p. 440; 20 ib., 293.*

The burden of proof is on appellees, except as to the filing for record, and the evidence does not sustain them.

*John C. Palmer*, for appellees:

Argues on the evidence, and contends that there was no such delivery as would bind appellees. Whether there was an actual delivery for the purpose claimed, can only be established by parol proof, and the preponderance of proof is with the appellees.

*Thweatt & Quarles*, also for appellees:

Argue upon the facts and evidence.

EAKIN, J. Appellant sued appellees upon a note for $1,625, due January 1, 1879. They answered by an equitable defense and cross-bill, setting up that the note in question was one of six which had been signed by them in April, 1878, pending negotiations for a sale to them by Scaife of a tract of land; and alleging that although a

conveyance of the land had been drawn up, signed and acknowledged by Scaife, and a mortgage back had been also drawn by Scaife, signed and acknowledged by appellees and their wives, at the same time with the note, yet, that none of them had been executed by delivery. They say that the papers were thus prepared in the country for convenience of acknowledgment; that they, the defendants, intended before delivery, to be satisfied, upon consultation with their legal advisers, that the title was good, and that the papers as drawn accorded with their intentions, which was to make a conditional purchase of the land, if they found themselves able to do so by the first of the coming year. That they did not agree or mean to purchase absolutely; nor, in case of purchase at all, to bind themselves to pay the notes beyond the security of the land itself; that they were assured by plaintiff that such was his understanding of the effect of the mortgage; that they paid in cash twenty-five dollars as a forfeit, on account of the option, or as a credit if they took the land; and also paid for plaintiff a small debt of something over ninety dollars, to be credited on the note if they took the land, or to be repaid if they did not. They allege that plaintiff was on the eve of departure for South Carolina, and the papers were prepared with a view that the parties should meet in Helena, and if, upon consultation with attorneys, they should be approved, that plaintiff might proceed without further delay, upon his journey. That plaintiff took the papers altogether, to keep and carry them for the purpose, but without meeting with defendants, or any further understanding, had them recorded as they were, and left the State. This amounts, in effect, to a denial of the execution of the instruments; and, if true, gave them the right to have them canceled.

The Chancellor so decreed, and gave a personal decree on

the cross-bill against plaintiff for the debt of ninety-seven dollars, which they had paid, with interest.   Plaintiff appeals.

A contract is not complete until the minds of the parties unite in an assent to the terms.   If writings are drawn and executed by delivery, they are the best evidence of the assent to the terms, and of the terms themselves, and can not be altered by parol proof.   It does not conflict with this, however, to show that the instrument was never delivered for the purpose of binding the obligor.   This is a fact which, generally, must be within the scope of parol proof alone, as the writing, in the nature of things, does not usually contain the evidence of its delivery.   Signature and acknowledgment may be simply preparatory to execution, but they amount to nothing if there be no delivery.   To leave a writing in the custody of another, to be carried to another place, and with the intent that it shall there be delivered if found satisfactory to the maker, is not delivery in any sense.   It is a mere confidence reposed.   When complete execution is established, then the rule excluding parol proof first finds place.   It may be presumed from possession of the instrument by the obligee, and from the fact that it has been recorded, but this is only *prima facie.*   It may be rebutted by parol.

It was a matter of fact to be determined by the Chancellor, whether such delivery had been made as would make the notes and trust-deed binding.   Without setting out the evidence in full, it is sufficient to say that, upon a review of it, we think it preponderates in favor of the view that they were never delivered with the view of giving them binding force, and that, as between the parties, they should be canceled.   The small amount in the personal decree was necessary to close up all matters in litigation concerning the transaction.

Affirm.