## GEORGE L. MALTZ v. GEORGE N. FLETCHER.

*Failure of consideration—Purpose of giving notes.*

1. B and F were litigating in equity the ownership of certain logs and B filed a separate bill to restrain F from interfering with them. In this latter proceeding a receiver was appointed by consent of the parties, and he, being authorized to sell the logs, delivered them to F and took his notes therefor upon which he afterwards brought suit. The bill in the last mentioned suit was dismissed and the receiver thus became a mere bailee for the party actually entitled to the logs. *Held* that in the suit by the receiver on the notes F had a right to show that it was understood when they were given that they were to be paid only if the logs should be adjudged not to belong to him, and that as the logs were in fact his, the notes were without consideration.

2. Failure of consideration may always be shown in a suit on a contract; and in an action on negotiable paper proof may be made of the purpose for which it was given, or that the purpose does not require the enforcement of payment.

Error to Alpena. (Emerick, J.)    Jan. 17.—Jan. 29.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Clayberg v. Sleator* for appellant.    In an action on a written contract an accompanying parol arrangement respecting the consideration can be shown in connection with the defence of a failure of consideration : *Chaddock v. Vanness* 35 N. J. L. 523 ; *Sanders v. Howe* 1 D. Chip. 363 ; *Simonton v. Steele* 1 Ala. 357 ; *Sweet v. Stevens* 7 R. I. 375; *Slade v. Halsted* 7 Cow. 322 ; *Barlow v. Flemming* 6 Ala. 146 ; *Shepherd v. Temple* 3 N. H. 455 ; *Folger v. Dousman* 37 Wis. 619 ; *Peterson v. Johnson* 22 Wis. 21 ; *Hubbard v. Galusha* 23 Wis. 398 ; *Bennett v. Beidler* 16 Mich. 150 ; *Hyde v. Tenwinkel* 26 Mich. 93–4 ; *Ortmann v. Canadian Bank* 39 Mich. 518, 520 ; *Bookstaver v. Jayne* 60 N. Y. 146 ; *Benton v. Martin* 52 N. Y. 570 ; *Jordan v. Jordan* 10 Lea 124 : 43 Am. R. 294.

*Wm. S. Tennant* for appellee.

COOLEY, C. J. The facts out of which this litigation arises appear in the opinion of the Court in *Beekman v. Fletcher* 48 Mich. 156. In the year 1881 John G. Beekman, assignee of the Alpena Lumber Company, filed his bill in the circuit court for the county of Alpena in chancery to restrain Fletcher from interfering with or taking legal or other measures to get possession of certain logs, the ownership of which was in dispute between them. The bill showed that the controversy respecting the logs was involved in another suit in equity to which Beekman and Fletcher were parties, and it prayed no other relief than an injunction and the appointment of a receiver for the logs, to abide the result of the principal litigation.

In that injunction suit Maltz was appointed receiver by consent of the parties; and was authorized to sell the logs and hold the proceeds subject to the order of the court. This Court was of opinion that there was no equitable ground on which the injunction suit could be maintained, and the bill was directed to be dismissed. As to the receiver it was said in the opinion that he "got his appointment and all his powers from the consent of the parties and became their bailee; and there will be no difficulty in reaching a disposition of the funds when the parties have settled their rights; which could not be done in this suit."

The present suit is brought on promissory notes given by Fletcher to Maltz. The defense which Fletcher undertook to make was that the notes were given for the logs of which Maltz was receiver, and which he allowed Fletcher to take at a price agreed upon; that it was understood when the notes were given that they were only to be paid if the logs should be adjudged not to belong to Fletcher, and that they were Fletcher's in fact. The circuit judge was of opinion that this defense could not be made, because it would be in effect permitting an oral understanding to control the written contract of the parties.

We are of opinion that this is not the proper view to take of the case. The suit in which Maltz was appointed receiver was disposed of, leaving him mere bailee in respect

to the logs or their proceeds. He was not an officer of the court, and could only be called to account by the parties in individual suits. His bailment was for the party entitled in fact; in other words for the real owner. The intent of the parties that he should account under the order of the court was defeated when it was decided that there was no case of equitable cognizance; for that determined that there was no pending case in which he could be called to account. If, therefore, Fletcher was in fact, as he offered to show, the owner of these logs, the bailment was for him, and any notes he had given for the logs, and which depended for their consideration upon the pendency of the suit, were without consideration when the suit was disposed of without a decision upon the merits of the controversy between the parties. It is always competent to show that a contract sued upon is without consideration. And no rule or policy of the law is violated by allowing proof to be made of the purpose for which negotiable paper was given : or that the purpose does not require that payment should be enforced. *Colman v. Post* 10 Mich. 422; *Catlin v. Birchard* 13 Mich. 110 ; *Bowker v. Johnson* 17 Mich. 46.

Counsel for the plaintiff very justly say that this conclusion imposes very serious hardship upon Maltz, who, having consented to act for the parties, and having no personal interest in the controversy, is compelled to determine at his peril whom he will recognize as owner. Common fairness to him seems to require that the parties should come to some understanding whereby they may relieve him from this embarrassment; but the Court is powerless in the premises.

A new trial must be ordered.

The other Justices concurred.