No. 9785.

FIRST NATIONAL BANK OF NEW CASTLE ET AL. *v.* NUGEN.

PRINCIPAL AND SURETY. —*Subrogation.* —*Pleading.* —*Denial.* —*Set-Off.* — *Harmless Error.*—Suit by a surety against his three principals, alleging that he had with them, and as their surety, executed a note which he had been compelled to pay; that one of the principals had assigned to the creditor, a bank, a decree of foreclosure as collateral security for the same debt, receiving from the creditor a written agreement showing the purpose of the assignment, which agreement had been assigned to the plaintiff. Prayer for personal judgment, and to be subrogated to the rights both of the plaintiff in the decree and of the bank therein. Answer by two of the three principals: 1. General denial. 2. That the assignment to the plaintiff of the written agreement was without consideration. 5. That the principal debtors had delivered to the plaintiff a great and sufficient amount of property to enable the plaintiff to pay this debt and other debts of theirs which he agreed to pay, all which he refused to pay, but converted the property to his own use. 6. An indebtedness of the plaintiff to these two defendants, as a set-off.

*Held,* that the second defence was bad as an answer to the whole complaint, because it answered only a part.

*Held,* also, that the matter alleged in the fifth was admissible under the general denial, as tending to show that the plaintiff was not surety but principal debtor, and therefore it was a harmless error to hold it bad on demurrer.

*Held,* also, that the sixth (set-off) was bad for want of mutuality, inasmuch as one of the principal debtors, a defendant, was not shown to have any interest in the demand pleaded as a set-off.

PROMISSORY NOTE. —*Consideration.* — *Evidence.* — The consideration and terms upon which a note was given and accepted, whether to satisfy a debt or as evidence of it, may be shown by parol.

From the Delaware Circuit Court.

*J. H. Mellett, E. H. Bundy* and *J. Brown,* for appellants.
*W. Grose* and *J. M. Morris,* for appellee.

NIBLACK, J.—Complaint by Silas R. Nugen against the First National Bank of New Castle, George W. Nugen, Thomas Nugen, John T. Crum, Josiah W. Glidden, George B. Norris, administrator of the estate of Robert Bartlett, deceased, Mary Bartlett, William Bartlett, Julia Ann Bartlett, Minnie Bartlett, Rena Bartlett, Louisa Dearth and John R. Dearth,

charging that the plaintiff, as surety, and the defendants George W. Nugen, Thomas Nugen and John T. Crum, as principals, had executed to the First National Bank of New Castle, above named, their promissory note in the sum of $4,000, upon which the bank had afterwards obtained a judgment; that the plaintiff had been compelled to pay and had paid such judgment as the surety therein; that at the time of executing the note, as above, to the bank, the defendant George W. Nugen, as the assignee of certain notes executed by Robert Bartlett, in his lifetime, to the defendant Josiah W. Glidden, and secured by mortgage, had obtained a decree of foreclosure against Norris, as Bartlett's administrator, and the heirs at law of Bartlett; that as security for the payment of said note, the defendant George W. Nugen had assigned said decree of foreclosure to the bank, taking from the bank a written agreement showing the purpose for which the assignment had been made, which written agreement had been assigned to the plaintiff. Wherefore the plaintiff demanded a personal judgment against his co-makers of the note to the bank, and that he be subrogated to all the rights, both of the bank and of the defendant George W. Nugen, in the decree against the administrator and heirs of Bartlett.

George W. Nugen and Thomas Nugen answered together, but separately from the other defendants: *First.* In general denial; *Second.* That the assignment of the written agreement, made by the bank with George W. Nugen concerning the Bartlett decree of foreclosure to the plaintiff, was executed without any consideration whatever; *Third.* That, on the 28th day of April, 1876, the plaintiff agreed to and with said defendants and their co-defendant John T. Crum, and one Pleasant H. Hays, that in consideration they would execute to him their promissory note for $10,000, and that they, the said George W. Nugen and Thomas Nugen, would execute their promissory note to him for $14,000, he, the plaintiff, would pay, discharge and take up certain debts and lia-

bilities held against them, the said George W. Nugen, Thomas Nugen, Crum and Hays, amounting in the aggregate to the sum of $24,000, and including the $4,000 note executed to the First National Bank of New Castle, as herein above stated, which agreement, a copy of which was filed, was reduced to writing and signed by the plaintiff; that the parties of the second part respectively executed to the plaintiff two promissory notes, one for $10,000 and the other for $14,000, as it was stipulated in such agreement they should do ; that, afterwards, on the 19th day of June, 1876, the plaintiff recovered judgments in the circuit court of the United States for the district of Indiana upon said last named promissory notes against the makers thereof respectively, which judgments are still in full force and effect against the defendants therein; that after the rendition of said judgments the plaintiff agreed that if the defendants George W. Nugen and Thomas Nugen would assign to him the agreement made by the bank, referred to in the second paragraph of this answer, and place it in his hands, together with other notes and evidences of indebtedness due to them, to assist him in paying the debts he had agreed to pay, he would enter the amounts he might realize from the assets thus to be placed in his hands as credits upon such judgments ; that the plaintiff had, nevertheless, wholly failed to pay any of the debts which he had assumed to take up and discharge, and had also wholly failed to enter any credits upon the judgments lastly above named ; *Fourth.* Payment ; *Fifth.* That the assignment of the agreement made between the bank and George W. Nugen in reference to the decree against the administrator and heirs of Bartlett to the plaintiff, was by way of security and indemnity to him against any loss he might sustain by reason of his suretyship for them, the said George W. Nugen and Thomas Nugen, and for no other purpose whatsoever ; that prior to that time these defendants had turned over to the plaintiff property, credits and effects of the value of $25,000; that their co-defendant Crum had turned over and delivered to the

plaintiff property of the value of $1,500; that the above named Pleasant H. Hays had transferred and delivered to the plaintiff property of the value of $5,000, all for the purpose of enabling the plaintiff to pay the note to the bank, described in the complaint, and certain other indebtedness which he had assumed to pay for these defendants and the said Crum and Hays; that the plaintiff had failed and refused to pay said bank debt or any of the other debts he had agreed to pay out of the proceeds of such property, credits and effects, but had, on the contrary, converted such property, credits and effects to his own use. *Sixth.* Setting up certain indebtedness held by the defendants George W. Nugen and Thomas Nugen, against the plaintiff, as a set-off against his demand for reimbursement on account of money paid by him as surety for them and the said Crum on the judgment in favor of the bank.

Demurrers were sustained to the second, fifth and sixth paragraphs of the foregoing answer, and after issue joined and hearing the evidence, the court made a general finding for the plaintiff, and decreed accordingly.

We need not inquire whether the issue tendered by the second paragraph of the answer was a material issue, since the paragraph was, in any event, bad for only answering one branch of the complaint while purporting to answer the whole of it. There were many material averments in the complaint which it neither admitted nor denied.

The matters set up as a defence by the fifth paragraph of the answer amounted to an averment that the plaintiff was, at the time he paid the bank judgment, as between himself and the other judgment defendants, the principal debtor, and hence constituted an argumentative denial of the plaintiff's cause of action. The matters thus set up were, consequently, admissible under the general denial. Under such circumstances no injury was inflicted upon any one by the decision of the circuit court sustaining a demurrer to that paragraph. Pomeroy Rem. and Remedial Rights, section 674, *et seq.*

The sixth paragraph of the answer was bad for want of mutuality of interest in the demand pleaded as a set-off, as Crum was not included in the issue which that paragraph tendered. Works Pr., section 646.

There was evidence tending to sustain all the material allegations of the complaint. It can not, therefore, be rightfully held that the finding was not sustained by sufficient evidence.

The written agreement described in the third paragraph of the answer was introduced in evidence by the defendants. The plaintiff was, over the objection of the defendants, permitted to testify in rebuttal that he accepted the ten thousand dollar note mentioned in the agreement as a collateral security only to indemnify him for obligations he had assumed by the agreement. It is claimed that the effect of this parol testimony was to vary the terms of the written instrument, and that it was hence erroneously admitted.

The consideration for which a note was given, as well as the terms upon which it was accepted, that is, whether in satisfaction of an indebtedness or only as evidence of its existence, may, ordinarily, be inquired into by parol, and we see nothing in the evidence objected to as above to take it out of that general rule.

The judgment is affirmed, with costs.

Filed Dec. 20, 1884.