MEHLIN vs MUTUAL RESERVE FUND LIFE ASSOCIATION.

Opinion Delivered June 6, 1899.

*Promissory Note—Delivery—Parol Evidence.*

> Parol evidence is admissible to show that a promissory note is executed and delivered conditionally to the agent of plaintiff, to hold until the conditions are complied with, and to show that the note under the terms of the delivery has never become binding.

Appeal from the United States Court for the Northern Dirtsict.

WM. M. SPRINGER, Judge.

Action by the Mutual Reserve Fund Life Association against James G. Mehlin. Judgment for plaintiff. Defendant appeals. Reversed.

The questions at issue in this case arise on the pleadings, and judgment of the lower court thereon. On the 15th day of November, A. D. 1894, the Mutual Reserve Fund Life Association, plaintiff (hereinafter called "appellee") instituted suit in the United States court for the Northern district of the Indian Territory, at Muskogee, against James G. Mehlin, defendant (hereinafter called "appellant"), for the recovery of the sum of $110. The complaint filed is as follows: "Comes now the plaintiff, a corporation duly organized and existing under and by virtue of the laws of the state of New York, and complains of the defendant, a citizen of the Cherokee Indian Tribe or Nation, and residing in the First judicial division of the Indian Territory, and alleges: First. That on the 15th day of May, 1894, at Alluwee, I. T., the defendant made and delivered to the

plaintiff his promissory note in writing, of which the follow-ing is a copy: '$110.00.  Alluwee, I. T., May 15th, 1894. On delivery of policy, without grace, I promise to pay to the order of the Mutual Reserve Fund Life Association one hundred and ten dollars, being $80.00 for first payment, and $30.00 for general expense fund, on an application for a policy of insurance for $10,000.00.  The amount due to be paid at the First National Bank, Vinita, without defalcation, for value received.  It being understood and agreed that, if this note is not paid when due, the insurance for which the same is given shall at once cease and determine, and there-upon be null and void;  but this note shall be due and paya-ble notwithstanding the termination of the insurance, as aforesaid, and, in the event that the said application for insurance is not accepted by the Mutual Reserve Fund Life Association, then no contract for insurance has been effect-ed, and no benefit created or acquired hereby, and this note shall also be void and of no effect. [Signed] Jas. G. Mehlin.' Second.  That said policy of insurance was duly executed and delivered to said defendant on the 22nd day of June, A. D. 1894.  Third.  That no part of said note has ever been paid.  Wherefore the plaintiff prays for judgment against said defendant for the sum of $110, with interest at 6 per cent. from date until paid, and for his costs in this behalf expended.  Hutchings & English, Attys."  On the 9th day of May, A. D. 1895, appellant filed an answer to said complaint as follows, viz.: "Now comes the defendant, and admits that plaintiff is a corporation as alleged, and also the citizenship of plaintiff and defendant.  But defendant denies that he is indebted to plaintiff in any sum what-ever, but states the facts to be that, at the time he signed the instrument sued on, he did not know that it was a note, but thought it was simply an agreement with reference to procuring a policy in plaintiff's association.  He further states:  That he refused to sign the same at first for the

reason that he did not know anything about the plan of insurance carried on by plaintiff, and desired time to look into the same. That thereon one Ozier, who was acting as plaintiff's agent in this transaction, insisted on defendant signing the same, and leaving it with him until defendant could look into the plan of plaintiff's plan of insurance, and, if satisfactory, he, said Ozier, would forward the note to the company, and the policy would be issued; but that, if the defendant was dissatisfied with the plan of insurance, the note would not be forwarded or acted on, and the note or agreement would be at an end. In pursuance of this agreement, defendant signed the instrument sued on, and, relying on said Ozier's said agreement as agent for plaintiff, he left the said note with said Ozier, as his agent, to hold until he could make an investigation as aforesaid. That shortly thereafter he made said investigation, and decided that he did not wish a policy on the said plan, and so wrote to said Ozier. That said Ozier disregarded his said agreement, and, in violation of his promise as agent of defendant as aforesaid, he forwarded the said note to plaintiff, and the policy was issued by plaintiff and tendered to defendant, which defendant refused to receive, and still refuses, for the reasons aforesaid. Wherefore defendant prays for judgment against plaintiff, and for the costs for his behalf expended. Marcum, Fears & Wiggins, Attys. for Deft., Jas. G. Mehlin." On the 1st day of November, 1897, appellee filed a demurrer to appellant's answer, as follows: "Comes now the plaintiff, and demurs to the answer of defendant, and for ground therefor says that the same does not constitute a defense to this action." The demurrer to the answer was by the court sustained, and appellant declining to further plead, judgment was rendered by the court in favor of appellees and against appellant for the sum of $133.10, etc.

*Fears & Bailey*, for appellant.

*William T. Hutchings,* for appellee.

THOMAS, J.    The only question of importance raised by the record in this case necessary to be passed upon by this court is, was the note set forth in the complaint legally delivered by appellant to appellee, so as to form a complete legal contract, binding upon appellant, and enforceable at law?    While it is a well settled rule of law that parol evidence is not admissible to vary or contradict the terms of a written instrument, "the rule would become the instrument it was intended to prevent, if there were no exceptions to the universality of its application."    Insurance Co. vs Wilkinson, 13 Wall. 231.    In effect, the contention of appellee is that to allow proof of the facts set forth in appellant's answer would be a violation of the general rule above stated (i. e. "parol evidence is not admissible to vary or contradict the terms of a written instrument"), and numerous authorities are cited to sustain this well established general rule of law.    On the other hand, it is urged by the appellant that the facts set up in his answer as a plea in bar do not contravene the rule mentioned, but put in question the important primal fact, was the note in question a legal contract between the parties, enforceable at law?    In other words, was the note legally delivered by the appellant to the appellee, with the understanding and intention by both parties that in its terms it embodied the whole contract?

Appellee contends that to have overruled the demurrer would have violated three distinct and well-established rules of law:    First.    "Oral testimony is inadmissible to vary or contradict a written contract, and all previous oral agreements are merged into the written contract."    Second· "It would violate the elementary principle of law that a note, whether negotiable or otherwise, cannot be delivered to the payee or his agent, to be held in escrow."    Third. "It would have permitted the assured to adopt as his agent

the agent of the insured, while acting within the legitimate purposes of his agency, to do something inconsistent with his duty towards his principal. There can be no doubt that one can make the agent of another his own agent in the same transaction, but there must be no conflict or antagonism of duty, and what he assumes to do for his second principal must in no way conflict with what he is doing for his first."

In support of the first proposition, reference is made to 1 Daniel, Neg. Inst. (4th Ed.) §§ 80, 81a; Insurance Co. vs Mowry, 96 U. S. 544; and Greenwood vs Insurance Co., 27 Mo. App. 401. 1 Daniel, Neg. Inst, (4th Ed.) § 81a, states that it has been held in a number of cases that a note may be delivered to the payee to take effect only upon a condition precedent, and that default in the fulfilment of such conditions may be shown by parol evidence, and will defeat recovery, as between immediate parties; referring to Benton vs Martin, 52 N. Y. 574. But, unless the nonfulfilment of the condition goes to the failure of consideration, this would seem to trench upon fixed principles of law. Evidence of want of consideration is admissible as between original parties. Every bill or note imports two things, — value received, and an agreement to pay the amount on certain specified terms. Evidence is admissible to deny the receipt of value, but not to vary the engagement. The cases amply sustain the foregoing views, which seem to us altogether correct. It has been held that it is competent to show by parol evidence that at the time a note was made it was agreed that it should be held for nothing on the happening of a certain event. But, unless such event operated a failure of consideration, we cannot perceive upon what principle such a view could be taken. The consideration of contracts in writing is in general open to inquiry, and it is not an infringement of the rule excluding parol evidence to add to, vary, or contradict writings, to receive parol evi-

dence for the purpose of determining its validity or its failure, or that from any cause it is sufficient or insufficient to support the contract. The last proposition is so well sustained by the authorities referred to by the learned author, and by others, that it has long since ceased to be a moot question.    See 1 Greenl. Ev. 285; 2 Whart Ev. § 1042; Ramsey vs Young, 69 Ala. 158; Bank vs Nugen, 99 Ind. 160; Malz vs Fletcher, 52 Mich. 484, 18 N. W. 228; Burke vs Dulaney, 153 U. S. 228. 14 Sup. Ct. 816; Scaife vs Byrd, 39 Ark. 568; Brackett vs Barney, 28 N. Y. 341. Neither one of the authorities cited by appellee sustains the view that overruling the demurrer to the appellant's answer would have violated the first rule specified by appellee.

The second rule mentioned has no application to the controversy, nor do the authorities cited in support thereof negative the view that a note may not be signed and manually delivered to a payee or his agent, subject to certain conditions precedent, before being legally delivered so as to conclude the transaction. The rule of law governing the delivery of a promissory note is identical with that governing the delivery of other personal property.

The third principle which appellee claims would have been violated by overruling the demurrer and sustaining the answer of the defendant is not sustained by either reason or the authorities cited. To contend that an insurance solicitor may not become the agent of the maker of a note for the purpose of holding the same, not in escrow, but in abeyance of delivery, until certain conditions precedent have been complied with, is not tenable, since the holding of said note as the agent of the maker could not in any way possibly conflict with the duty incumbent upon and owing by him by reason of his being the agent of the insurance company. The authorities cited by appellee not only fail to sustain his view, but, on the contrary, unquestionably support the con-

(26)

tention of the appellant. Justice Eakin, speaking for the supreme court of Arkansas in the case of Scaife vs Byrd, 39 Ark. 568, says: "The appellant sued appellees on a note for $1,625, due January 1, 1879. They answered by an equitable defense and cross bill, setting up that the note in question was one of six which had been signed by them in April, 1878, pending negotiations for a sale to them by Scaife of a tract of land, and alleging that although a conveyance of the land had been drawn up, signed, and acknowledged by Scaife, and a mortgage back had also been drawn by Scaife, signed and acknowledged by appellees and their wives, at the same time with their note, yet that none of them had been executed by delivery. They say that the papers were thus prepared in the country for the convenience of acknowledgment; that they (the defendants) intended, before delivery, to be satisfied, upon consultation with their legal advisers, that the title was good, and that the papers, as drawn, accorded with their intention, which was to make a conditional purchase of the land, if they found themselves able to do so by the first of the coming year; that they did not agree or mean to purchase absolutely, nor, in case of purchase at all, to bind themselves to pay the notes, beyond the security of the land itself; that they were assured by plaintiff that such was his understanding of the mortgage; that they paid in cash $25 as a forfeit on account of the option, or as a credit if they took the land, and also paid for plaintiff a small debt of something over $90, to be credited on the note if they took the land, or to be repaid if they did not. They allege that the plaintiff was on the eve of departure for South Carolina, and that the papers were prepared with a view that the parties should meet in Helena, and if, upon consultation with attorneys, they should be approved, that plaintiff might proceed without further delay upon his journey; and that plaintiff took the papers all together to keep and carry them for the purpose, but, with-

out meeting with defendants, or any further understanding, had them recorded as they were, and left the state. This amounts, in effect, to a denial of the execution of the instruments, and, if true, gave them the right to have them cancelled. The chancellor so decreed, and gave them a personal decree on the cross bill against the plaintiff for the debt of $97, which they had paid, with interest. Plaintiff appeals. A contract is not complete until the minds of the parties unite in an assent to the terms. If writings are drawn and executed by delivery, they are the best evidence of the assent to the terms, and of the terms themselves, and cannot be altered by parol proof. It does not conflict with this, however, to show that the instrument was never delivered for the purpose of binding an obligor. This is a fact which generally must be within the scope of parol proof alone, as the writing in the nature of things, does not usually contain the evidence of its delivery. Signature and acknowledgment may be simply preparatory to execution, but they amount to nothing if there be no delivery. To leave a writing in the custody of another, to be carried to another place, with the intent that it shall there be delivered if found satisfactory to the maker, is not delivery in any sense. It is a mere confidence reposed. When complete execution is established, then the rule excluding parol proof first finds place. It may be presumed from possession of the instrument by the obligee, and from the fact that it has been recorded, but this is only prima facie. It may be rebutted by parol, " etc, Brackett vs Barney, 28 N. Y. 341. In the case of Bronson vs Noyes, 7 Wend. 188, Justice Nelson, delivering the opinion of the court, said: "There must be a delivery, as well as an acceptance, to give validity to a deed. It is true, the bond was delivered to the defendant at the time of its execution, but for what purpose? If for the purpose expressed therein, then it would be valid; if as a mere deposit until additional security is obtained, clearly

there was no delivery.   *   *   *   The mere manual tradition of a deed by the grantor to the grantee or obligee, and nothing else, would be prima facie evidence of legal delivery, but not necessarily conclusive and inexplicable.   The party may explain and rebut the prima facie legal effect of the act. This is not impugning the doctrine applicable to an escrow. It is only allowing a party to contest the delivery.'' The principle upon which that decision rests is clearly applicable to the present case. The note in question was placed in the hands of the agent of the appellee, to be held by him until the appellant could look into, and become satisfied with, the plan of insurance proposed.   Hence, since there was a condition precedent to be performed and affirmed by the obligor before there could be, according to the contract set up in appellant's answer, a legal delivery of said note, and until such legal delivery the title to said note did not pass to appellee, the rules invoked by the appellee could not preclude the appellant from invoking that law which enabled him, as his defense, to demonstrate the nonlegal delivery of said note.   In an exhaustive discussion of the identical questions involved in this case by Justice Harlan, of the supreme court of the United States, in the case of Burke vs Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, it is held that evidence which does not contradict the terms of the writing in suit, nor vary their legal import, but tends to show that the written instrument was never in fact delivered as a present contract, is not in contradiction of the writing, and is admissible between the original parties thereto.   The rule that excludes parol evidence in contradiction of a written agreement has no application if the writing was not delivered as a present contract.   The effect of the delivery and the extent of the operatiou of the instrument—such as a promissory note—may be limited, as between the original parties thereto, by the conditions with which delivery is made.   In the case of Ware vs Allen, 128 U. S. 590, 595, 9 Sup. Ct. 176,

"which was an action upon a written instrument, the defense was that it was understood between the parties at the time the instrument was signed that it should not be of any effect, unless in certain named contingencies, which, it was shown, never occurred. Mr. Justice Miller, speaking for the court, said: 'We are of the opinion that this evidence shows that the contract upon which this suit was brought never went into effect, that the condition upon which it was to have become operative never occurred, and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases, well recognized in law, by which an instrument, whether delivered to a third person as an escrow, or to the obligee in it, is made to depend, as to its going into operation, upon events to occur or to be ascertained thereafter.' * * * The supreme judicial court of Massachusetts [in the case of Wilson vs Powers, 131 Mass. 539]: 'The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced.' In Benton vs Martin, 52 N. Y. 570, 574, the principle is thus stated: 'Instruments under seal may be delivered to the one to whom, upon their face, they are made payable, or who by their terms is entitled to some interest or benefit under them, upon conditions, the observance of which is essential to their validity. And the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable, as between the parties to it, or others having notice. It needs a delivery to make the obligation operative at all, and the effect of the delivery, and the extent of the operation of the instrument, may be limited by the conditions with which delivery is made. And so, also, as between the original parties and others having

notice, the want of consideration may be shown.' To the same effect are Juilliard vs Chaffee, 92 N. Y. 529, 535 and Reynolds vs Robinson, 110 N. Y. 654, 18 N. E. 127, in the latter of which it was said that the rule is now well established that 'parol evidence is admissible to show that a written paper, which in form is a complete contract, of which there had been a manual tradition was nevertheless not to become a binding contract until the performance of some condition precedent resting in parol.' * * * In McFarland vs Sikes, 54 Conn. 250, 7 Atl. 408, which was an action upon a note which the defendant alleged had been executed and delivered to the plaintiff upon an agreement that it should be cancelled under certain named circumstances, and in the event he demanded, by a named day, that it be returned to him, the trial court having ruled that the facts relied upon by the defendant did not constitute a defense, the supreme court of errors of Connecticut, reversing the judgment, said: 'The error was in applying to the case the familiar and well established rule that parol evidence is inadmissible to contradict or vary a written contract. A written contract must be in force as a binding obligation, to make it subject to this rule. Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled. If the payee of a note has it in his possession, that fact would be prima facie evidence that it had been delivered, but it would be only prima facie evidence. The fact could be shown to be otherwise, and by parol evidence. Such parol evidence does not contradict or seek to vary its terms. It merely goes to the point of its nondelivery. The note, in its terms, is precisely what both the maker and the payee intended it to be. No one desires to vary its terms, or to contradict them.''

We have been unable to find a single vital authority sustaining the appellee's contention in this case, but, on the contrary, authorities · without number, uncontrovertable in reason, sustaining the contention of the appellant. The sustaining of the demurrer by the court below, and the rendition of the judgment on the alleged note, were clearly error. Hence the judgment of the court below is reversed, and the case remanded, with instructions that the court proceed with the trial of said cause in compliance with the views herein expressed.

CLAYTON and TOWNSEND, JJ., concur.