BLANCHARD *v.* RIDGEWAY.

BILLS AND NOTES — EVIDENCE — PAROL EVIDENCE — FRAUD—NEGOTIABLE INSTRUMENTS.

   It is competent, in an action between the original parties to a note, to offer testimony to show that the maker signed the instrument without examining it, in reliance on the representation of the payee that it was for an amount agreed upon between them, and it was in fact for a larger sum. The testimony is not subject to the objection that it contradicts a written instrument.

Error to Missaukee; Lamb, J. Submitted November 4, 1913. (Docket No. 68.) Decided March 27, 1914.

Assumpsit by Thomas J. Blanchard against Arthur S. Ridgeway upon certain notes. Judgment for plaintiff. Defendant brings error. Reversed.

*Gaffney, Miltner & Millington,* for appellant.

*Arthur W. Penny,* for appellee.

MOORE, J. The plaintiff sued defendant upon three notes. One of them reads:

"$241.        SAND LAKE, MICH., Oct. 1st, 1909.
"On or before March 25th, 1910, after date I promise to pay to the order of T. J. Blanchard, the sum of two hundred forty-one dollars, and the sum of ........ dollars on the ........ day of each month thereafter until this note is paid in full to the amount of ........ dollars. This note is given for the purchase of ........ one pair of grey gelding colts four years old, one double harness, one new Holly wagon complete which is to remain the property of said T. J. Blanchard until this note is paid in full. It being optional with said T. J. Blanchard upon default of payment, to take possession of said property or to collect by process of law, and in case he shall take said property, said T. J. Blanchard shall not be liable to refund any moneys theretofore paid by the purchaser thereof; and in case of default in any of the payments at the time specified, then the whole amount shall become due.
"Value received, with interest at 7 per cent.
"Postoffice................ County..............
"Town.................. Section..............
                                "ARTHUR S. RIDGEWAY."

Indorsed on back as follows:

"Oct. 23, 1910. Rec'd by Borst, $19.77.
"March 12, 1910. Rec'd by Borst, $125.00.
"Aug. 13, 1910. Rec'd by Borst, $25.00.
"Sept. 12, 1910. Rec'd by Borst, $29.73."

The other two notes read the same, except the amounts and time of payment.

The defendant filed several pleas, one of which was the general issue, with a notice that defendant would—

"Insist in his defense that on or about October 1, 1909, this defendant purchased from the plaintiff one team of horses, one new lumber wagon, one set of

double harness at the aggregate price of $420, and that upon that date plaintiff claimed an open store account of $8.65, making a total of indebtedness of $428.65; that this defendant delivered and indorsed over to plaintiff sale notes to the amount of $329, and which notes, together with accrued interest thereon for one year, amounting in all to $352, were to be received by the plaintiff as part payment of said indebtedness; that this defendant then paid to plaintiff the sum of $25.65 in cash, and executed his note for $51 due October 1, 1910, making a total payment of $428.65; that said plaintiff then and there assured this defendant that said note of $51 was all he would have to pay, but that, inasmuch as notes were indorsed over, he desired to retain collateral title notes for said $352, which he would hold until said sale notes of this defendant were due, and that it was agreed that notes were to be prepared and executed as aforesaid for said sum; that this defendant, because of said representation, relied thereon, and signed three notes without knowing the amount thereof, but supposing that the amounts agreed with the amounts of his notes maturing on said dates, respectively, as had been represented to him by said plaintiff; that the notes indorsed over by defendant to plaintiff amounting to the sum of $352, including interest, have all been paid or the time of payment extended by said plaintiff, and said defendant released for any liability thereby, and that the time for the maturity of the same is long since passed, and that said notes did mature on or about March 25, 1910, and on or about April 1, 1910; that said sum has been paid to the plaintiff, and that the notes described in declaration of said plaintiff for the sum of $190 and $241, as there set forth, are not the notes executed and delivered by this defendant as collateral security to the sale notes herein mentioned; that said notes are void and without consideration; and that said indebtedness has been fully paid."

From a judgment in favor of the plaintiff, the case is brought here by writ of error. We quote from the brief:

"This case is brought before the court on two general grounds: *First,* that the court erred in refusing

to admit testimony as to the consideration for the notes; and, *second*, that the court erred in increasing the amount of the verdict by the sum of $54.75."

1. The defendant attempted to show by the cross-examination of the plaintiff for what consideration the notes were given, and that they were drawn by plaintiff, and were for a larger amount than the debt of defendant. Defendant also attempted to show by his own testimony that the facts stated in the notice under his plea, which we have quoted, were true. That plaintiff drew the notes for a larger amount than he should, and shoved them over to the defendant, who signed them, relying upon the statements of the plaintiff that they were drawn for the proper amount. This testimony was excluded, upon the theory that the amounts stated in the notes must control, and that to permit the testimony would be to allow a written instrument to be contradicted or varied by parol. It must be remembered that the plaintiff is the payee. No third party is interested.

The testimony was competent under *Anderson* v. *Walter,* 34 Mich. 113; *Soper* v. *Peek,* 51 Mich. 563 (17 N. W. 57) ; *Maltz* v. *Fletcher,* 52 Mich. 484 (18 N. W. 228) ; *Macomb* v. *Wilkinson,* 83 Mich. 486 (47 N. W. 336) ; *Phelps* v. *Abbott,* 114 Mich. 88 (72 N. W. 3) ; *Brown* v. *Smedley,* 136 Mich. 65 (98 N. W. 856), and the many authorities cited in the last-named case.

As this conclusion must reverse the case, it will not be necessary to refer to the other assignments of error, as the same situation cannot arise again.

The judgment is reversed, and a new trial ordered.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.