LARSON, Respondent, v. SEGUIN, Appellant.

(149 N. W. 174.)

1. Insurance—Conditional Delivery of Premium Note—Transferred Note Paid to Innocent Purchaser—Suit for Reimbursement—Sufficiency of Evidence.

In an action against an insurance agent alleged to have transferred to an innocent purchaser a note for an insurance policy premium, delivered to the agent, together with an application for insurance, under an alleged agreement that they would be held in abeyance until plaintiff decided whether he would accept or reject the insurance, and which note plaintiff had paid, **held**, the evidence was sufficient to support a verdict for plaintiff.

2. Negotiable Instruments—Conditional Delivery—Legality.

A promissory note may be delivered on condition and to take effect only on the happening of the condition.

3. Insurance—Conditional Delivery of Premium Note—Offer of Evidence of Delivery of Note and Issuance of Policy—Relevancy.

In a suit against an insurance agent, to recover the amount of a note alleged to have been delivered to the agent on condition that it should not be effective unless the maker decided to accept insurance, he having notified the agent that he would not take the insurance, but which note was delivered to the insurance company and by it transferred to an innocent purchaser, to whom the maker had paid it, **held**, that evidence that the note and accompanying application for insurance were received by the company and a policy issued, which was in force, and uncancelled for its full term, was properly excluded as irrelevant.

(Opinion filed October 26, 1914.)

Appeal from Municipal Court of Aberdeen. Hon. GEORGE W. CRANE, Judge.

Action by Fred Larson against W. P. Seguin, to recover the amount paid by plaintiff upon a promissory note alleged to have been delivered conditionally, and to have been transferred to an innocent purchaser, etc. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Amos N. Goodman,* for Appellant.

*L. T. Van Slyke,* for Respondent.

(1) Under point one of the opinion, Appellant cited:

20 Cyc. 13; 14 Am. & Eng. Ency. of Law 20 (2d Ed.).

Respondent submitted that:

The sale of the note constitutes actionable fraud under the facts as found by the trial court.

McCOY, J.   Plaintiff by his complaint alleged that in December, 1911, the defendant was the agent for the First National Life & Accident Insurance Company and authorized to write insurance and receive premiums; that defendant represented to plaintiff that he would and could take plaintiff's application for insurance, and hold such application in abeyance at his office in Aberdeen until such time as plaintiff decided whether or not he would accept or reject such insurance; and that such application would remain in the office of defendant, and would not be sent to said insurance company until by plaintiff directed to be so done; that plaintiff thereupon, on the 26th day of December, 1911, made, executed, and delivered a promissory note for $117.90, and placed the same in the hands of the defendant with an application for insurance, under the agreement that the same should be held by the defendant, and not delivered until such time as defendant was advised to do so by plaintiff; that thereafter plaintiff immediately wrote defendant informing him that plaintiff would not accept such insurance, and would not permit the application to be forwarded to said company, and that he would not receive the policy of insurance, and demanded that the defendant cancel said application and return said note to plaintiff; that defendant failed and refused to return said note, but took the same to a bank and sold said note to an innocent purchaser, and by reason thereof plaintiff was required to, and did, pay said note; that the said representations made by defendant were false and untrue, and made for the purpose of defrauding plaintiff; that plaintiff relief thereon, and believed the same to be true, in executing said note and leaving the same with defendant; that no consideration for said note existed, and plaintiff was defrauded out of said sum by reason of the fraudulent transfer of the said note, and by reason of the said fraudulent acts and statements of defendant; that plaintiff has demanded of defendant the proceeds of said note and he has failed and refused to pay the

same, etc. Defendant made answer, admitting the execution and delivery of the note, and generally denied all the other allegations of the complaint, except such as are specifically admitted. Further answering, defendant alleged that on about December 26, 1911, plaintiff, knowing that defendant was authorized to accept application for insurance for said company, executed and delivered an application for insurance, and thereby directed said company to issue an insurance policy; that plaintiff took the medical examination, and that it was agreed between plaintiff and defendant that settlement for the policy need not be made at that time; that plaintiff should have one week in which to make settlement; that plaintiff, after the delivery of the application and taking of said medical examination, made full and complete settlement for one year's premium by the execution and delivery of said note; that a policy of insurance was issued by said company and delivered to plaintiff, and remained uncanceled and in full force for 1 year and 30 days from the date of policy.

The issues were tried before the court without a jury, and findings made in favor of plaintiff upon all the issues, and judgment entered accordingly, from which defendant appeals, assigning various errors, and that the evidence was insufficient to sustain such finding and judgment, and that the decision and judgment are against the law.

[1] In substance, the plaintiff testified he was in defendant's office on the 26th day of December, 1911. "He got after me to take some insurance; he got to talking to my wife that it would be a nice thing if I would do this. I told him that I had plenty of insurance. He made the proposition that if I would take this insurance I could go home and talk it over with my family and children. He said he would hold the papers in the office for a week's time, and I was to let him know if I decided I did not want the insurance, and that if I notified him that I did not want it the matter would be of no effect; that it would be like dead." The application and note were signed the same day. On the 27th day of December, the day following, plaintiff by letter notified defendant that he would not take the insurance. It further appears from the evidence that defendant forwarded the application to the company on December 27th, and a policy was issued and sent to defendant; and on the 6th day of January, 1912, the policy was, by

defendant, mailed to plaintiff, and was, by plaintiff, immediately returned to defendant with a letter informing defendant that the same would not be accepted. Some time thereafter, and before the maturity of the note, the same was sold and assigned to a bank without notice of plaintiff's alleged defense thereto. One Collins, also an agent of said company, who was in the office with defendant at the time of the signing of said note and application, testified that he took part in securing said application and note, and that some promises were made to plaintiff that if he made up his mind that he did not want the insurance that he would be given back his paper. Plaintiff's wife gave testimony to the same effect as to the conditions on which the application and note were signed. Defendant denied that any such conditions were agreed to in connection with the application and note. We are of the opinion that there was ample evidence to sustain the findings and judgment, and that they are not against the law.

[2] A promissory note may be delivered on condition and to taffe effect only on the happening of the condition. 7 Cyc. 688; McFarland v. Sikes, 54 Conn. 250, 7 Atl. 408, 1 Am. St. Rep. 111; Watkins v. Bowers, 119 Mass. 383; Mehlin v. Ins. Co., 2 Ind. T. 396, 51 S. W. 1063. In these cases cited the condition was very similar to the one in the case at bar.

[3] Appellant offered to prove by the secretary of the insurance company that the application and note were received by the company and the policy issued, and that said policy was in full force and effect and uncanceled on the books of the company for 1 year and 30 days after the issuance of the policy. The court sustained an objection to this offer on the ground of irrelevancy. This ruling is urged as error. We are of the opinion that the same was not relevant.

All assignments of error have been considered, and, no error appearing, the judgment and order appealed from are affirmed.