GARNET CARTER COMPANY *v.* CARVER & SMITH.

Opinion delivered February 4, 1918.

CONTRACTS—OFFER AND ACCEPTANCE—ACCEPTANCE IN OTHER TERMS.—Where an offer is made, the offer can not be materially altered by the other party, and become a binding agreement, without the consent of the party making the original proposition.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; reversed.

*R. P. Taylor,* for appellant.

1. The verbal promise to advertise, if one was made, preceded the signing of the contract and was merged therein. 129 Ark. 354; 75 Ark. 206; 94 *Id.* 120.

Parol testimony is not admissible to contradict or vary or add to any of the terms of a written contract.

196 S. W. 800; 83 Ark. 283; *Ib.* 240; *Ib.* 105; 80 *Id.* 505; 20 Tenn. 415.

Faulkner had no authority to make the advertising contract, but if he had, that was an independent contract or obligation. The contract was complete and binding.

2. The court erred in its instructions.

*Block & Kirsch,* for appellee.

1. The proposal was never accepted in the terms made and therefore no contract was ever consummated. Page on Cont., § 1209; 100 Ark. 360.

The agent had authority to make advertising contracts. But there never was an acceptance of the terms of the contract, hence no contract. 39 Ark. 568; 97 *Id.* 613.

2. There is no error in the instructions.

HUMPHREYS, J. Appellant, a corporation, brought suit on the 15th day of July, 1916, before a magistrate in Clark township, Greene County, Arkansas, against appellees, a partnership, for $50 on open account for profit sharing coupons and certificates. The cause was tried upon the evidence and a judgment rendered in favor of appellees. An appeal was prosecuted to the circuit court of Greene County and there tried by a jury upon the evidence and instructions of the court. A verdict was returned in favor of appellees and a judgment rendered in accordance with the verdict. An appeal has been properly prosecuted from that verdict and judgment to this court.

The evidence tended to show that Carver and Smith were partners in the gents' furnishing business in Paragould, Arkansas, and that G. J. Faulkner, agent and representative of appellant, a Tennessee corporation, engaged in the trading stamp business, entered into a contract with appellees to sell it profit sharing coupons to be used in the retail business for fifty dollars.

On the other hand, the evidence tended to show that the partnership was in contemplation only, and that the

contract was not to become effective until the partnership was formed and its name designated.

The purported contract is in writing and made in accordance with a regular form used by appellant in the conduct of its business. It contains five paragraphs. The first paragraph fixed the price per thousand of the coupons and certificates; the second provided for the redemption of the coupons and certificates with premiums specified in the company's catalogue; the third provided against the sale of coupons and certificates to other parties engaged in the same business; the first part of the fourth provided for the period the contract should run and how it might be terminated, and the latter part of the fourth paragraph is as follows: "It is further expressly agreed that this contract shall not be binding upon the company until it is signed by its duly authorized officer or agent in the city of Chattanooga, Tennessee, and said city shall be considered as the place where this contract is executed." Among other things, the fifth paragraph provided that no verbal agreement between the salesman and purchaser should be binding on the company and that the written contract contained all the terms, conditions and stipulations agreed upon.

After the signature of the parties, an order blank was filled out for the number of certificates, coupons, catalogues and other goods ordered by Carver & Smith.

The undisputed evidence was to the effect that the agent of appellant, G. J. Faulkner, was authorized to make collateral agreements with newspapers, subject to the approval of the company, for a limited amount of advertising for the benefit of the parties to whom they sold the coupons, certificates, etc., and that the Carver & Smith contract with the Paragould newspaper sent in provided for the advertisement to appear twice a week for twelve weeks, which would make twenty-four insertions; that the two writings and order for the goods were sent to appellant in Chattanooga for approval; that the newspaper contract was changed without the consent or knowledge of appellees, so as to provide for six weeks'

instead of twelve weeks' advertisement with two inser-
tions weekly. On the 16th day of March, 1916, appellant
wrote, properly stamped and mailed a letter to appellees
in which it notified them of the receipt of their order and
advised them that the certificates, coupons, etc., were be-
ing printed. About three weeks thereafter the goods
arrived, but were refused by appellees. They remained,
however, for several weeks in appellees' store but were
not opened for the reason that appellant had done no
advertising. Later, the goods were returned and appel-
lant refused to accept them. Appellant did not return
the contract, as changed, to the publisher for the reason
that appellees refused to accept the shipment and did not
notify appellees of the change in the contract. Both ap-
pellees testified that the reason they did not receive the
goods and pay the purchase price was that the appellant
did not do the advertising it agreed to do.

It is insisted that the court erred in refusing to in-
struct peremptorily for appellant for the reason, it is
said, that the written contract signed by Odie Smith for
appellees, and approved by appellant, provided that the
writing contained all the terms, conditions and stipula-
tions; and that no verbal agreement between the sales-
man and purchaser should be binding on appellant. The
argument of counsel would be conclusive if the writing
was a completed contract when signed, and if the undis-
puted evidence did not show that appellant's agent or
representative had authority to make a collateral, lim-
ited advertising contract for the benefit of its customers
and exercised that authority by contemporaneously agree-
ing with appellees to make an advertising contract with
the Paragould newspaper for two insertions for twelve
weeks. It was provided by another clause in the writing
that the contract should not become binding until it was
signed by appellant's duly authorized agent in Chatta-
nooga, Tennessee; and it was admitted by appellant's
president that its representative had authority to make
an advertising contract for the benefit of appellees and
that such a contract, pursuant to the agreement, was

made with the Paragould newspaper on the same day and sent in. The connection between the two writings being established by the undisputed evidence, they constituted the conditions of a proposed purchase of coupons, certificates, etc., by appellees from appellant. In order to convert this proposal or offer into a binding contract, it was incumbent upon appellant to unqualifiedly accept the proposition according to its terms. It could not materially modify the proposed terms without the assent of appellees and by acceptance, as modified, bind them. *Scaife* v. *Byrd,* 39 Ark. 568; *Cage* v. *Black,* 97 Ark. 613. Instead of accepting the proposed contract in terms, appellant changed the proposal for advertising from two insertions weekly for twelve weeks, to two insertions weekly for six weeks. Appellant having failed to unconditionally accept the terms proposed, it follows that no binding contract was entered into between the parties. The suit is based on an alleged contract. Having failed to establish a contract, appellant had no cause of action, and could, therefore, suffer no prejudice by reason of instructions given or refused by the court.

Under this view of the case, it is unnecessary to discuss the other questions presented by learned counsel in behalf of appellant.

No error appearing in the record, the judgment is affirmed.